## EASTERN DISTRICT, PHILADELPHIA, 1856.

## Brander *versus* Columbia Insurance Company.

1. Where an insurance company appoint an agent in another city, and agree that he shall receive ten per cent. on all premiums for insurances effected by him on their behalf, and also on all moneys received for sales of shares of the stock of the company, made by him, the agency to be revocable at pleasure, there is no implied authority to the agent to bind the company for the rent of an office leased by him.

ERROR to the District Court of *Philadelphia.*

The defendants, an insurance company, incorporated in Pennsylvania, and having their office in Philadelphia, by resolution of the board of directors, established an agency, revocable at pleasure, in New Orleans, to be under the direction of S. R. Throckmorton. His compensation was to be ten per cent. on all premiums which he might receive and pay over to the company; but in case of loss, the commission previously allowed on such risks was to be refunded by him. He was to receive, also, a like commission on all moneys received by the company for sales of their stock, made by him. The company executed a formal power of attorney to Throckmorton, constituting him their agent for New Orleans, to insure on their behalf.

The plaintiffs showed that Throckmorton rented an office from them, for the purpose of transacting the business of his agency; that he put up various signs, denoting that insurances were effected there on behalf of the Columbia Insurance Company; and that he carried on the business, received premiums, and issued policies, as agent. There was no dispute as to the amount claimed.

The defendants offered no evidence, and the judge having reserved the law for the opinion of the court in banc, the jury rendered a verdict for plaintiffs.

Upon a motion for a new trial, and judgment upon the points reserved, the court in banc set aside the verdict, and ordered a nonsuit, in the following opinion.

"The resolutions of the company, under which Mr. Throckmorton was appointed its agent, neither expressly nor by impli-

cation, empowered him to make any contract of lease for an office at which he might choose to transact the business of his agency. That it might be convenient to him to have a known place of business, is quite probable; but similar wants might be assumed to exist in respect to many other things besides offices, by almost every species of agent. An agent would require board and lodging, quite as much as a place to transact business during the day, but no one would think of supplying these necessaries to him on the credit of his employers, without a plain, express authority. The verdict is to be set aside, and a nonsuit entered agreeably to the reservation."

The plaintiffs took a writ of error, and assigned as error the decision of the court below, in entering a nonsuit.

The opinion of the court was delivered by

Lowrie, J.—Where an insurance company appoints an agent in a distant city, and for a reward of ten per cent. commission to insure on their behalf, is it implied from the nature of his appointment, that he may bind the company for the rent of an office leased by him?

This is the only question of this cause, and the court below was right in deciding it in the negative. The company could not have thought of such a thing; and their resolution authorizing his appointment, and which is by reference made part of the letter of attorney, proves that they did not. In it, his powers and duties are specially defined, and this is not one of them.

It would be most unreasonable to imply such a power. He might not effect a single insurance, and then it would be a costly agency to the company, when it is evident that the expense was to depend upon the success. If the agent succeeded well, it is apparent that his commissions would justify his renting an office at his own expense. Besides this, it is impossible to imply a power to rent, in an agency that is revocable at pleasure.

Judgment affirmed.